17-1060-cv
Ulrich v. Moody's Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of January, two thousand eighteen.

PRESENT:  JOHN M. WALKER, JR.,
          REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
              *Circuit Judges.*

_____

PAUL C. ULRICH,

                    *Plaintiff-Appellant*,

        v.                                          No. 17-1060-cv

MOODY'S CORPORATION, MOODY'S
INVESTORS SERVICE, INC.,

                    *Defendants-Appellees*.

_____

FOR APPELLANT:                      Paul C. Ulrich, *pro se*, Central, Hong
                                    Kong.

FOR APPELLEES:                      Kenneth J. Turnbull, Morgan, Lewis &
                                    Bockius LLP, New York, New York;

1

Joseph A. Nuccio, Morgan, Lewis & Bockius LLP, Princeton, New Jersey.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*; Michael H. Dolinger, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 31, 2017 judgment of the district court is AFFIRMED.

Plaintiff Paul Ulrich, proceeding *pro se*, appeals from the dismissal of so much of his complaint against his former employer, Moody's Corporation and Moody's Investor Services, Inc. (collectively, "Moody's"), as alleged violations of the Sarbanes-Oxley ("SOX"), Dodd-Frank, and Sherman Antitrust Acts, and defamation and breach of his employment contract; and from the award of summary judgment to Moody's on claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"). *See Ulrich v. Moody's Corp.*, No. 13-CV-8 (VSB), 2014 WL 4977562 (S.D.N.Y. Sept. 30, 2014) (granting dismissal in part); *Ulrich v. Moody's Corp.*, No. 13-CV-8 (VSB), 2017 WL 1232709 (S.D.N.Y. Mar. 31, 2017) (awarding summary judgment on remaining claims). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."

2

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We review orders granting summary judgment *de novo*, assessing whether the district court properly concluded that no genuine dispute existed as to any material fact and the moving party was entitled to judgment as a matter of law. *See Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013). We review the denial of leave to amend a complaint for abuse of discretion. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

Upon independent review of the record, and for the reasons stated in the magistrate judge's March 31, 2014 Report and Recommendation ("R&R"), and the district court's September 30, 2014 and March 31, 2017 orders, we conclude that the district court properly ordered dismissal and summary judgment.

In challenging dismissal of his SOX and Dodd-Frank claims, Ulrich argues that his case is distinguishable from *Liu Meng-Lin v. Siemens AG*, 763 F.3d 175, 183 (2d Cir. 2014) (holding that anti-retaliation provision of Dodd-Frank does not apply extraterritorially). We are not persuaded because, although Ulrich, a United States citizen who sometimes interacted with Moody's United States managers, did allege more connection with the United States than was evident in *Liu*, he was nevertheless an overseas permanent resident working for a foreign subsidiary of Moody's, and the alleged wrongdoing and protected activity took place outside the United States. In these circumstances, *Liu* compelled dismissal.

3

As to defamation, Ulrich argues that the district court applied the incorrect definition of malice to overcome the qualified privilege. He is wrong. *See Ulrich v. Moody's Corp.*, 2014 WL 4977562, at *9 (stating that under Hong Kong law, malice requires plaintiff to show that "statements were intended to injure him, *or* that the speaker lacked an honest belief in the truth of the statement" (emphasis added)). Moreover, contrary to Ulrich's assertions, the record does not support his contention that statements made in his performance reviews were knowingly false. As for his breach of contract claims, Ulrich waived any challenge to dismissal by failing to object, despite appropriate warnings, to the R&R's recommendation that they be dismissed based on Ulrich's status as an at-will employee under New York law. *Cf. Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[A] *pro se* party's failure to object to a magistrate's report and recommendation . . . does not operate as a waiver of the right to appellate review of the district court's adoption of the magistrate's recommendation unless the magistrate's report explicitly states that failure to object . . . will preclude appellate review."). Finally, Ulrich's Sherman Act claims were properly dismissed for lack of antitrust standing. *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 76–81 (2d Cir. 2013) (discussing requirements for antitrust injury).

In challenging summary judgment on his ADEA claims, Ulrich faults the district court's presentation of the facts. On our own review, we identify no error in the district court's careful and fair recitation of the evidence presented on summary judgment.

4

Nothing in the record supports the requisite causal connection between Ulrich's age and either his low pay or eventual termination. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009); *Gorzynski v. JetBlue Airways, Corp*., 596 F.3d 93, 106, 111 (2d Cir. 2010). Further lacking is any evidence admitting a finding that Moody's reliance on well-documented negative feedback about Ulrich's job performance and insubordination was a pretext for retaliatory suspension and termination. *See, e.g.*, *Schnabel v. Abramson*, 232 F.3d 83, 87–88 (2d Cir. 2000).

Finally, the district court acted well within its discretion in denying leave to amend. Ulrich had already been afforded opportunity to amend—and did so in response to Moody's first motion to dismiss. Nothing suggests further amendment would cure the deficiencies in Ulrich's amended complaint. *See Yerdon v. Henry*, 91 F.3d 370, 378 (2d Cir. 1996) (identifying no abuse of discretion where plaintiff had amended complaint once and did not submit proposed second amended complaint, and defendants had already moved to dismiss).

We have considered Ulrich's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5